Nov. Term, 1845.

Powers
v.
Davenport.

---

## Powers *v.* Davenport.

A common carrier, or a private person who undertakes for hire to carry and deliver goods safely, is bound to pursue the usual and ordinary route. If he unnecessarily deviate from that route, he will be liable for any injury to the goods which may be thereby occasioned.

ERROR to the *Montgomery* Circuit Court.

Dewey, J.—Assumpsit by *Powers* against *Davenport* before a justice of the peace, and appealed to the Circuit Court. The action, so far as its cause need be stated, is founded on the following instrument signed by the defendant: *Cincinn.* 17th *June*, 1839, Received of *J. P. Powers* in good order and condition four packages of merchandize, (describing them,) which I promise to deliver in like good order and condition to *J. W. Powers, Crawfordsville, Ia.*, at the rate of two dollars per hundred pounds. Plea, the general issue; verdict for the defendant; motion for a new trial overruled; and judgment on the verdict.

On the trial, the plaintiff gave in evidence the above-stated written undertaking of the defendant. He also proved that the defendant carried the goods in his wagon; that, before he reached *Crawfordsville*, he left the direct and principal road from *Cincinnati* to that place, taking a more circuitous

*Tuesday, November 25.*

route, which led past his own dwelling, and thereby increas-
ed the distance about one mile; that, after the defendant so
deviated from the usual route, he drove on to a bridge which
gave way, thereby upsetting the wagon and throwing the
goods into the water, whereby they were injured to the
amount of more than sixty dollars. It also appeared in evi-
dence that the bridge was considered safe before the acci-
dent; that the road taken by the defendant was preferred by
some to the more direct and more generally travelled way to
*Crawfordsville;* that "movers" had been known sometimes to
take it, but wagoners in carrying from *Cincinnati* to *Craw-
fordsville* never used it; that the defendant was a farmer,
making farming his principal business, but frequently carrying
for hire.

The question, whether the evidence showed the defendant
to be a common carrier, was made in the Court below. But
as the defendant is not sued on the general liability arising
from that capacity, but on a special undertaking, we consider
the question immaterial, and shall no further notice it.

The real inquiry is, whether the evidence justifies the ver-
dict. A common carrier is responsible for all losses and inju-
ries of goods committed to his care, except those caused by
the acts of God (including inevitable accidents) and by the
public enemy; and a private person, by undertaking for hire
to carry and deliver goods safely, subjects himself to the same
liability. 2 Stark. Ev. 283.— *Coggs* v. *Bernard*, 2 Ld.
Raym. 909.—*Robinson* v. *Dunmore*, 2 B. & P. 416. The
promise of the defendant in this cause was that he would
deliver goods, which he received at *Cincinnati* in good con-
dition, at *Crawfordsville*, in like condition. He failed to do
so; the goods were damaged in the carriage. He is, there-
fore, responsible to the owner of them, unless he stands ex-
cused on the score of inevitable accident. So far from this
being the case, the accident happened in consequence of his
own improper conduct. It would have been avoided, had he
continued on the most direct and customary route from *Cin-
cinnati* to *Crawfordsville*. The personal motive—a desire
to go to his own house, which probably induced him to de-
viate, was not a legal excuse for his doing so. His liability
cannot be distinguished from that of any other person, who

had done the same thing without the same motive. It has been held that a carrier by water, whether he navigate a general ship, or one hired especially for the occasion, is bound to keep in the usual course of navigation; and that if he deviate unnecessarily, and a loss happen in consequence thereof, he is liable. *Davis* v. *Garrett,* 6 Bingh. 716. This principle is equally applicable to a carrier by land, whether he act in a public capacity, or under a special undertaking. The defendant having undertaken for hire to transport goods safely from *Cincinnati* to *Crawfordsville,* was bound to pursue the usual and customary route; and he is liable for all loss sustained in consequence of his unnecessary deviation from it.

The facts in this case are plain and simple. There was no clashing of testimony. There was no conflicting evidence for the jury to weigh. The question to be determined is one purely of legal liability; and we think the jury came to a conclusion which the law arising from the facts did not warrant; and that the motion for a new trial should have been granted.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. S. Lane* and *S. C. Willson,* for the plaintiff.

*R. C. Gregory,* for the defendant.